```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
```

| | | |
|---|---|---|
| THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO, BY THEIR TRUSTEES JAMES T. CALLAHAN, THOMAS A. CALLAHAN, MICHAEL SALGO and WILLIAM TYSON, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, BY ITS CHIEF EXECUTIVE OFFICER JOSEPH SHELTON, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY ITS PRESIDENT & BUSINESS MANAGER THOMAS A. CALLAHAN, | : | REPORT AND RECOMMENDATION  23-CV-07345 (PKC)(PK) |
| Plaintiffs, | : | |
| -against- | : | |
| ALLSTATE MAPPING AND LAYOUT, LLC, | : | |
| Defendant. | : | |

```
------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15 Trust Funds"), Central Pension Fund of the International Union of Operating Engineers ("CPF"), and International Union of Operating Engineers Local 15, 15A, 15C & 15 D, AFL-CIO ("Local 15") ("Plaintiffs") have sued Defendant Allstate Mapping and Layout, LLC ("Defendant") pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 141, *et seq.* (the "LMRA"), alleging that Defendant violated a collective bargaining agreement with Local 15

1

("CBA," Dkt. 18-2) by not remitting benefit contribution payments to Local 15 Trust Funds and CPF. (Compl. ¶¶ 1, 4–14, Dkt. 1.)

Before the Court is Plaintiffs' motion for default judgment ("Motion," Dkt. 17) seeking (1) an audit of Defendant's relevant books and records for the period of July 1, 2021 to June 30, 2023 ("Relevant Period"), (2) permission to seek further monetary relief if the audit report identifies any deficiencies in Defendant's fringe benefit contributions, supplemental union dues, and political action committee payments during the Relevant Period under the CBA, and (3) an award of attorneys' fees and costs. (Motion at 1–2.) The Honorable Pamela K. Chen referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Local 15 is a labor union representing construction industry employees throughout New York City. (*See* Compl. ¶¶ 3, 13; CBA.) Local 15 Trust Funds and CPF are the employee benefit funds and pension fund, respectively, associated with Local 15. (*Id.* ¶¶ 4–12.) Defendant is a construction company.

Local 15 and Defendant are parties to the CBA, which requires Defendant—as an employer under ERISA and the LMRA—to make certain contributions and payments to Local 15 Trust Funds and CPF based on the number of hours worked by Defendant's employees, and to produce its books and records for inspection upon an audit demand by the funds' trustees. (*Id.* ¶¶ 18, 20–22.) Plaintiffs allege that Defendant has underreported the number of employees and hours worked by and wages paid to employees, and has therefore underpaid contributions owed to the union's funds. (*Id.* ¶¶ 29, 32–33.) Plaintiffs also allege that Defendant did not respond to their demand that Defendant produce

2

books and records for the period of July 1, 2021 to September 30, 2023.[1] (*Id.* ¶ 30.) Accordingly, Plaintiffs bring causes of action for (1) an audit demand pursuant to Section 209(a)(1) of ERISA, 29 U.S.C. § 1059(a)(1), and the trust agreements referred to in the CBA which establish Local 15 Trust Funds and CPF ("Trust Agreements"), (2) breach of the CBA, and (3) breach of Defendant's obligations under Section 515 of ERISA, 29 U.S.C. § 1145. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, Plaintiffs seek recovery of any delinquent contributions and payments identified through an audit, as well as accumulated interest, liquidated damages, auditor fees, and attorneys' fees and costs. (*Id.* ¶¶ 39–40.)

Defendant did not answer the Complaint or otherwise appear in the action. The Clerk of Court entered a default against Defendant on January 26, 2024. (Dkt. 16.) That same day, Plaintiffs filed the Motion.

## DISCUSSION

### I. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The court "may first assure itself that it has personal jurisdiction over the defendant." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (internal quotations omitted). The plaintiff must demonstrate proper service of the summons and complaint. *See Advanced Cap. Com. Grp, Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB),

---

[1] Although the Complaint states an audit demand for July 1, 2021 through September 30, 2023, the Motion only demands an audit through June 30, 2023, the expiration date of the CBA.

3

2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). The plaintiff must also establish compliance with the procedural requirements of Local Civ. Rules 7.1 and 55.2.

The court must also determine whether the plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . . ." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." *Finkel*, 577 F.3d at 84. However, a default is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-06476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020). District courts may also, in their discretion, hold a hearing to assess the amount of damages that should be awarded on a default. *See* Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established . . . ." *Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted*, 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

## II. Jurisdiction

### A. Subject Matter Jurisdiction

The Court has jurisdiction over Plaintiffs' claims pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

### B.     Service on the Defendants

Plaintiffs served Defendant by delivering a copy of the Summons and Complaint to the New York Secretary of State.  (Dkt. 12.)  This constitutes proper service.  *See* N.Y. Bus. Corp. L. § 306(b)(1); Fed R. Civ. P. 4(h)(1)(B).  Plaintiffs also mailed a copy of the Summons and Complaint by U.S. mail to Defendant's address at 230 Broad Street, Bloomfield, New Jersey, 07003, in accordance with the Court's order.  (*See* Certificate of Service, Dkt. 14; Jan. 18, 2024 Order.)

### C.     Personal Jurisdiction

"[S]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting Fed. R. Civ. P. 4(k)(1)(A)).  New York has general jurisdiction over corporations operating within the state.  *See Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *R&R adopted*, 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018).  Because Defendant is a corporation conducting business in New York and was properly served with the Summons and Complaint, the Court has personal jurisdiction over it.

## III.    Procedural Compliance with Local Civil Rules 7.1 and 55.2

Plaintiffs filed the following in support of the Motion: Notice of Motion (Dkt. 17); a memorandum of law in support of the Motion ("Pl. Mem.," Dkt. 20); a copy of the Complaint (Dkt. 18-1); a proposed default judgment order (Dkt. 17-1); and proof of mailing the Motion papers to Defendants (Dkt. 21).  Thus, compliance with the Local Civil Rules is satisfied.

## IV.    Liability

Plaintiffs allege three causes of action against Defendant: an audit demand pursuant to ERISA and the Trust Agreements, breach of the CBA, and breach of ERISA.  Plaintiffs' Motion seeks default judgment only on the first cause of action; they request a court order authorizing an audit of

Defendant's payroll records for July 1, 2021 through June 30, 2023 and, in the event a deficiency is identified by the audit, the opportunity to seek further monetary relief. (Pl. Mem. at 5.)

Section 502 of ERISA provides for Plaintiffs' right to audit Defendant's books and records. 29 U.S.C. § 1132. In particular, sub-section (g)—"Attorney's fees and costs; awards in actions involving delinquent contributions"—permits the court to grant "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). The relief granted by courts encompasses orders compelling audits of covered ERISA employers. (*See* Pl. Mem. at 4 (citing *Cent. States, Se, and Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 569 (1985); *see also Jaspan v. Glover Bottled Gas Corp.*, 80 F.3d 38, 41 (2d Cir. 1996) (trust funds have a fundamental duty to locate and take control of fund property through crucial step of auditing contributing employer)).)

Courts may also enforce a union's contractual right to audit an employer's books and records pursuant to the LMRA. *Annuity, Welfare, & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Getty Contracting, LLC*, No. 18-CV-1450 (CBA), 2018 WL 7076168, at *4 (E.D.N.Y. Oct. 5, 2018), *R&R adopted*, 2018 WL 7076162 (E.D.N.Y. Dec. 12, 2018). As a signatory to the CBA, Defendant agreed to pay fringe benefit contributions, union dues, and political action committee payments to the Local 15 Trust Funds and CPF from July 1, 2021 through June 30, 2023. (CBA Articles X and XI; Declaration of Catherine Chase in Support of Motion ("Chase Decl.") ¶ 4, Dkt. 22.) By agreeing to make these contributions to Local 15 Trust Funds and CPF, Defendant also subscribed to the terms and conditions of the Trust Agreements which established the Local 15 Trust Funds and CPF. (Chase Decl. ¶ 4; *see also* Dkts. 18-3; 18-4; 18-5; 18-6.) The Trust Agreements provide that the trustees for the Local 15 Trust Funds and CPF may audit the relevant books and records in connection with the proper administration of the funds. (Chase Decl. ¶ 4; Compl. ¶¶ 27–28; *see also* Dkts. 18-3; 18-4; 18-5; 18-6.) Therefore, the Court may enforce Plaintiffs' right under the Trust Agreements to demand an audit.

6

If the audit report identifies deficiencies in Defendant's fringe benefit contributions, supplemental union dues, and political action committee payments during the Relevant Period under the CBA, Plaintiffs may continue to pursue relief on their remaining causes of action.

**V.      Attorneys' Fees and Costs**

An award of attorneys' fees is mandatory under ERISA, *see* 29 U.S.C. § 1132(g)(2)(D), and is also provided for by the Trust Agreements. (*See* Dkt. 18-3 Article V, Section 2; Dkt. 18-4 Article VI, Section 3; Dkt. 18-5 Article IX, Section 8; Dkt. 18-6 Article IV, Section 4.5(e).) Plaintiffs seek attorneys' fees of $2,835.00 and costs of $524.00. (Motion at 2.)

*A.      Attorneys' Fees*

The party seeking attorneys' fees bears of burden of proving that its requested rates and expended hours are reasonable. "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Milea v. Metro-North R. Co.* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008)).

1.      <u>Hourly Rate</u>

Plaintiffs request attorneys' fees for work done by James Steinberg ("Steinberg"), a partner in the law firm representing Plaintiffs. (Declaration of James Steinberg ("Steinberg Decl.") ¶ 11, Dkt. 18.) Steinberg was admitted to the Eastern District of New York on February 17, 1995 and has had experience working on ERISA matters since that time. (*Id.*) Steinberg requests fees of $420 an hour. (*Id.*)

Courts determine what constitutes a reasonable hourly rate through application of "the forum rule," which states that "courts should generally use the hourly rates employed in the district in which the reviewing court sits . . . ." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations and citation omitted). "'[R]easonable hourly rates in [the Eastern District] for ERISA

7

matters have ranged from $300 to $450 for partners . . . .'" *Gesualdi v. D. Gangi Contracting Corp.*, No. 18-CV-3773 (FB)(SJB), 2019 WL 1130729, at *8 (E.D.N.Y. Feb. 11, 2019), *R&R adopted*, 2019 WL 1128356 (E.D.N.Y. Mar. 12, 2019) (alteration in original) (quoting *Finkel v. Captre Elec. Supply Co. Inc.*, No. 14-CV-3584 (RJD)(JO), 2015 WL 5316257, at *6 (E.D.N.Y. July 31, 2015), *R&R adopted*, 2015 WL 5330388 (E.D.N.Y. Sept. 11, 2015)).

Therefore, I find that $420 per hour is a reasonable rate for an attorney with Steinberg's experience in a routine ERISA case.

    2.   <u>Reasonableness of Time Billed</u>

"[T]o determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must 'use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case.'" *Litkofsky v. P & L Acquisitions, LLC*, No. 15-CV-5429 (DRH)(AKT), 2016 WL 7167955, at *10 (E.D.N.Y. Aug. 19, 2016), *R&R adopted sum nom. Ira Litkofsky v. P & L Acquisitions LLS*, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (quoting *Fox. Indus., Inc. v. Gurovich*, No. 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005)). Plaintiffs submitted records showing that from October to December 2023, Plaintiffs' counsel expended 6.75 hours on this case conducting research, drafting the complaint, and drafting documents in support of the Motion. (Ex. H to the Steinberg Decl., Dkt. 18-8.)

Because the hourly rate and number of hours billed are reasonable, I respectfully recommend that Plaintiffs be awarded **$2,835.00** in attorneys' fees.

 B.  *Costs*

Plaintiffs request an award of costs for $524.00. (Dkt. 17-2.) I take judicial notice of the filing fee of $402.00. *See Joe Hand Promotions, Inc. v. Bernal*, No. 18-CV-85 (ILG)(SJB), 2019 WL 885930, at *6 (E.D.N.Y. Feb. 22, 2019) (awarding plaintiff the $400 filing fee after taking judicial notice of it). Plaintiffs submitted an invoice showing service of process costs totaling $122.00. (Ex. G to Steinberg

Decl., Dkt. 18-7.) The costs for the filing fee and service of process were reasonably expended and supported by invoices.

Accordingly, I respectfully recommend that Plaintiffs be awarded **$524.00** in costs.

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that the Motion be granted, that Defendant be compelled to cooperate in the performance of an audit, and that Plaintiffs be awarded attorneys' fees of $2,835.00 and costs of $524.00. If the audit identifies any deficiencies in Defendant's required payments under the CBA, I respectfully recommend that the Court grant Plaintiffs leave to seek further monetary relief as appropriate.

Any written objections to this Report and Recommendation must be filed within fourteen days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   July 22, 2024
         Brooklyn, New York

9